UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERALD HOLMES,** | CIVIL ACTION NO. 2:24-cv-02707 |
| **Plaintiff,** | SECTION: "H" |
| VERSUS | JUDGE: JANE TRICHE MILAZZO |
| **SOUTHEAST LOUISIANA FLOOD PROTECTION AUTHORITY EAST, KELLI CHANDLER, in her capacity as Executive Director, MICHAEL BRENCKLE, in his capacity as agent, KELLI LOPARDI, in her capacity as an agent, and KENNETH PINKSTON, as agent.** | MAGISTRATE JUDGE NO. 5 |
| | MAGISTRATE JUDGE: MICHAEL J. NORTH |
| **Defendants.** | |

## ANSWER AND DEFENSES

Defendants Southeast Louisiana Flood Protection Authority – East, Kelli Chandler, Michael Brenkle, Kelli Lopardi, and Kenneth Pinkston respond to the Complaint of Jerald Holmes as follows.

1.

Defendants admit they are made Defendants herein but deny that Plaintiff's claims have any legal or factual merit.

2.

Defendant admits this court has jurisdiction over this action but denies Plaintiff's claims have any legal or factual merit.

3.

Defendants admit the allegations of Paragraph 3 of the Complaint.

FP 53532472.1

4.

Defendants deny the allegations of Paragraph 4 of the Complaint excepting to admit that during his employment, Plaintiff was assigned to a DEA task force.

5.

Defendants deny the allegations of Paragraph 5 of the Complaint.

6.

Defendants deny the allegations of Paragraph 6 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

7.

Defendants deny the allegations of Paragraph 6 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

8.

Defendants deny the allegations of Paragraph 6 of the Complaint for lack of information sufficient to form a belief as to the truth of the matters averred therein.

9.

Defendants deny the allegations of Paragraph 9 of the Complaint.

10.

Defendants deny the allegations of Paragraph 10 of the Complaint.

11.

Defendants admit the allegations of Paragraph 11 of the Complaint.

12.

Defendants admit the allegations of Paragraph 12 of the Complaint.

2

13.

Defendants deny the allegations of Paragraph 13 of the Complaint excepting only to admit that an investigation showed Plaintiff was reporting working details and receiving pay for those details when he was not in fact appearing for and working those details.

14.

Defendants deny the allegations of Paragraph 14 of the Complaint.

15.

Defendants deny the allegations of Paragraph 15 of the Complaint.

16.

Defendants deny the allegations of Paragraph 16 of the Complaint.

17.

Defendants deny the allegations of Paragraph 17 of the Complaint for lack of sufficient information to form a belief as to the truth of the matters averred therein.

18.

Defendants deny the allegations of Paragraph 18 of the Complaint.

19.

Defendants deny Plaintiff is entitled to trial by jury.

20.

Defendants deny Plaintiff's prayer for relief.

## GENERAL DENIAL

Any allegations, claims, and prayers contained in Plaintiff's Complaint that have not been specifically admitted or denied are hereby denied.

## AFFIRMATIVE DEFENSES

NOW FURTHER ANSWERING the allegations of the Complaint, and without admitting any liability to Plaintiff or assuming any burden of production or proof that it would not otherwise bear under applicable law, Defendants assert the following defenses:

## FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust his administrative remedies.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to some or all the Defendants.

## FOURTH DEFENSE

To the extent that Plaintiff's claims are based in whole or in part upon a "mixed motive" claim and the finder of fact determines, based upon legally sufficient evidence, that a protected characteristic was a motivating factor in any employment decision at issue (which Defendants absolutely denies), Defendants are entitled to judgment, in whole or in part, because the same employment decision would have been made irrespective of whether the protected factor was considered.

**FIFTH DEFENSE**

Plaintiff failed to mitigate his damages.

**SIXTH DEFENSE**

Defendants are entitled to an offset against Plaintiff's alleged damages by any amounts Plaintiff earned or should have earned in the exercise of reasonable diligence and by any other amounts of damages Plaintiff allegedly suffered through his failure to mitigate his damages.

**SEVENTH DEFENSE**

To the extent the complaint is construed to include a claim for hostile environment harassment, at all times during Plaintiff's employment, SLFPA exercised reasonable care to prevent and correct promptly any harassing behavior. These efforts included establishing and promulgating a policy prohibiting harassment to employees, training supervisors in recognizing and responding to harassment, and establishing an open-door reporting policy allowing reporting both up and outside of the chain of command to encourage employees to bring complaints of harassment to the attention of management. Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities offered by SLFPA to prevent harassment.

**EIGHTH DEFENSE**

Defendants affirmatively plead and assert that Plaintiff's damages claim is subject to the applicable limitations on such damages as set forth in 42 U.S.C. Section 1981a(b)(3).

**WHEREFORE**, having fully answered the Complaint and having asserted its defenses thereto, Defendants respectfully request that the Court deny all relief requested in the Complaint, enter judgment in Defendants' favor dismissing all Plaintiff's claims with prejudice, and grant Defendants such other relief as may be deemed just and appropriate including its attorneys' fees and costs.

Dated: January 21, 2025.

                                                Respectfully submitted,

*/s/ Edward F. Harold*
EDWARD F. HAROLD
Louisiana Bar No. 21672
LARRY J. SOROHAN
Louisiana Bar No. 26120
FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email:  eharold@fisherphillips.com
          lsorohan@fisherphillips.com

**COUNSEL FOR DEFENDANTS**