UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JERALD HOLMES**                                        **CIVIL ACTION**

**VERSUS**                                               **NO: 24-2707**

**SOUTHEAST LOUISIANA FLOOD
PROTECTION AUTHORITY EAST ET AL.**                       **SECTION "H"**

### ORDER AND REASONS

Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 5). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff brings claims under Title VII for race discrimination against his former employer Southeast Louisiana Flood Protection Authority East, ("SLFPA"), as well as SLFPA employees Kelli Chandler, Michael Brenckle, Kelli Lopardi, and Kenneth Pinkston. Defendants Chandler, Brenckle, Lopardi, and Pinkston have moved for dismissal of the claims against them, arguing that they cannot be liable under Title VII in either their official or individual capacities. Plaintiff has not filed an opposition to this Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with

1

considerable aversion.[1] Accordingly, the Court will consider Defendants' arguments.

## LEGAL STANDARD

Rule 12(c) provides that a party may move for judgment on the pleadings, after pleadings are closed but early enough not to delay trial.[2] The standard for determining a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss.[3] To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The court need not, however, accept as true legal conclusions couched as factual allegations.[7] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief,

---

[1] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).
[2] FED. R. CIV. PRO. 12(c) (2014).
[3] Guidry v. Am. Pub. Life Ins. *Co.*, 512 F.3d 177, 180 (5th Cir. 2007).
[4] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[5] *Id.*
[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 678.
[8] *Id.*

the court must dismiss the claim.[9] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[10]

## LAW AND ANALYSIS

According to the complaint, Defendants Chandler, Brenckle, Lopardi, and Pinkston were Plaintiff's supervisors and co-workers at SLFPA. They move for dismissal of the Title VII race discrimination claims against them, arguing that they cannot be liable under Title VII in their individual capacities, and a suit against them in their official capacities is redundant of the claim against SLFPA. Indeed, it is well-settled that "[i]ndividual employees cannot be sued under Title VII in either their individual or official capacities."[11] Title VII provides for liability only as to an employer.[12] Accordingly, Plaintiff's

---

[9] *Lormand*, 565 F.3d at 255–57.

[10] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[11] Udeigwe v. Texas Tech Univ., 733 F. App'x 788, 792 (5th Cir. 2018).

[12] Title VII defines an "employer" as: "[A] person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e. Although Title VII defines the term "employer" to include "any agent" of an employer, "Congress' purpose was merely to incorporate respondeat superior liability into Title VII." Smith v. Amedisys Inc., 298 F.3d 434, 448–49 (5th Cir. 2002).

claims against Chandler, Brenckle, Lopardi, and Pinkston are dismissed, and only his Title VII claim against his employer, SLFPA, remains.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Plaintiff's claims against Kelli Chandler, Michael Brenckle, Kelli Lopardi, and Kenneth Pinkston are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 29th day of April, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**